[Cite as *State v. Reed*, 2020-Ohio-3295.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.    2019CA00143 |
| CHARLES EVANS REED | : | 2019CA00144 |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Canton Municipal
                             Court, Case Nos. 2019TRC05331
                             19TRB03528

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 10, 2020

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JASON REESE                         MICHAEL PUTERBAUGH
Canton City Prosecutor              4096 Holiday St. N. W.
By: KRISTINA LOCKWOOD               Canton, OH 44718
Assistant City Prosecutor
218 Cleveland Avenue S.W.
Canton, OH 44702

*Gwin, P.J.*

{¶1} Defendant-appellant Charles Reed ["Reed"] appeals the judgment of the Canton Municipal Court overruling his motion to suppress evidence.

*Facts and Procedural History*

{¶2} On the morning of July 13, 2019, Officer Gary Dodge of the North Canton Police Department was doing routine traffic enforcement. Officer Dodge was concealed in the parking lot of the Good Shepherd at the intersection of South Main Street and Everhard Road, SW. The Officer observed a northbound vehicle on South Main execute a left-hand turn onto Everhard Road heading westbound. Officer Dodge observed Reed turn and entered into the oncoming traffic's turn lane. ST. at 6-8; 12[1]. Officer Dodge began following Reed and observed two more marked lane violations. In less than thirty seconds, Reed began driving along the yellow line and then "straddled over" the other line. ST. at 9. Officer Dodge stopped Reed for the multiple marked lanes violations. Ultimately, he cited Reed for driving in marked lanes, operating vehicle under the influence of drugs or alcohol,[2] and having an open container[3].

{¶3} Reed filed a Motion to Suppress. A suppression hearing was held August 20, 2019. At the close of the hearing, the trial court entered oral findings denying the motion to suppress. The trial court filed a Judgment Entry denying the motion to suppress on August 20, 2019.

{¶4} Reed pleaded "no contest" and the Court found him guilty of all charges.

*Assignment of Error*

{¶5} Reed raises one Assignment of Error,

---

[1] For clarity, the transcript of the Suppression hearing that took place on August 20, 2019 will be referred to as "ST."
[2] 2019 TRC 5331/ 2019CA00143
[3] 2019 CRB 03528/ 2019CA00144

{¶6} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS AS THE OFFICER LACKED REASONABLE ARTICULABLE SUSPICION OF CRIMINALITY IN ORDER TO INITIATE A TRAFFIC STOP."

*Law and Analysis*

1. Standard of Appellate Review.

{¶7} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

1.1. Issue for Appeal.

*1.1.1 Did Officer Dodge have a reasonable articulable suspicion sufficient to warrant Officer Dodge in stopping the car that Reed was driving?*

{¶8} The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." The Fourth Amendment is enforced against the States by virtue of the due process clause of the Fourteenth Amendment of the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The stop of a vehicle and the detention of its occupants by law enforcement, for whatever purpose and however brief the detention may be, constitutes a seizure for Fourth Amendment purposes. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), *citing United States v. Martinez-Fuerte*, 428 U.S. 543, 556-558, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).

{¶9} In *State v. Mays*, 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008-Ohio-4538, the defendant argued that his actions in the case – twice driving across the white edge line – were not enough to constitute a violation of the driving within marked lanes statute, R.C. 4511.33. Id. at ¶ 15. The appellant further argued that the stop was unjustified because there was no reason to suspect that he had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane "as nearly as [was] practicable," within the meaning of R.C. 4511.33(A)(1). In rejecting these arguments, the Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required

to determine whether someone who has been observed committing a crime might have a legal defense to the charge." Id. at ¶ 17. The Supreme Court concluded that a law-enforcement officer who witnesses a motorist drift over lane markings in violation of a statute that requires a driver to drive a vehicle entirely within a single lane of traffic has reasonable and articulable suspicion sufficient to warrant a traffic stop, even without further evidence of erratic or unsafe driving. Id. at syllabus. In *Mays,* the Ohio Supreme Court made the following observation as it pertains to Ohio law,

Appellant's reliance on [*Dayton v.*] *Erickson* [76 Ohio St.3d 3, 665 N.E.2d 1091 (1996)], and on *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89, is misplaced. Probable cause is certainly a complete justification for a traffic stop, *but we have not held that probable cause is required.* Probable cause is a stricter standard than reasonable and articulable suspicion. *State v. Evans* (1993), 67 Ohio St.3d 405, 411, 618 N.E.2d 162. The former subsumes the latter. Just as a fact proven beyond a reasonable doubt has by necessity been proven by a preponderance, an officer who has probable cause necessarily has a reasonable and articulable suspicion, which is all the officer needs to justify a stop. *Erickson* and *Whren* do not hold otherwise.

119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23 (emphasis added). The Ohio Supreme Court concluded,

Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by *a reasonable and*

*articulable suspicion* considering all the circumstances, then the stop is constitutionally valid.

119 Ohio St.3d 406, ¶8 (emphasis added).

{¶10} In the case at bar, Officer Dodge testified that he observed Reed's vehicle execute a left-hand turn onto Everhard Road heading westbound. Reed turned but instead of staying within his lane, the curb lane, he entered into the oncoming traffic's turn lane. Officer Dodge began following him and observed two more marked lane violations. In less than thirty seconds, Reed began driving along the yellow line and then "straddled over" the other line.

{¶11} The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. See *State v. Burnside,* 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74(2003). The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584(1982). The officer's testimony, which is supported by the video evidence admitted during the suppression hearing, represents competent, credible evidence that Reed committed at least three traffic violations. Therefore, the factual finding of the trial court that Reed had committed a marked lanes violation is not clearly erroneous.

{¶12} Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d 846(1988). In *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273(1984), the Ohio Supreme Court explained: "[a] reviewing court should not reverse

a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also *State v. DeHass* (1967), 10 Ohio St.2d 230, syllabus 1.

{¶13}  We accept the trial court's conclusion that Reed's violation of the traffic laws gave Officer Dodge reasonable suspicion to stop Reed's vehicle because the factual findings made by the trial court are supported by competent and credible evidence. Thus, the trial court did not err when it denied Reed's motion to suppress on the basis that the initial stop of his vehicle was valid. *State v. Busse*, 5th Dist. No. 06 CA 65, 2006-Ohio-7047, ¶ 20.

{¶14}  Reed's sole Assignment of Error is overruled.

{¶15}  The judgment of the Canton Municipal Court is affirmed.


By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur